UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
John B. Napoleone,

                        Petitioner,

                                              18 Civ. 3124 (DAB)
                                              **MEMORANDUM & ORDER**

        v.


S2K Financial, LLC,

                        Respondent.
--------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

        Before the Court is Petitioner Napoleone's ("Napoleone")

Motion to Vacate an Arbitration Award dated March 7, 2018 and

Respondent S2K Financial, LLC's ("S2K") Cross-Motion to Confirm

the same Arbitration Award. For the following reasons, Napoleone's

Motion to Vacate the Arbitration Award is DENIED and S2K's Motion

to Confirm the Arbitration Award is GRANTED.

    I.  Background

        This case arises from Napoleone's failure to repay a sign-on

bonus in the amount of $100,000.00 to his former employer, S2K,

under the terms of his employment agreement with S2K ("Employment

Agreement"). (See Pet.'s Mem. Ex. B ¶ 4 ("Empl. Agreement"), ECF

No. 8-2.)


        On June 7, 2017, S2K commenced arbitration to recover the

$100,000.00 sign-on bonus by filing a Statement of Claim with FINRA

against Napoleone. (Pet. to Vacate ¶ 9, ECF No. 1.) On June 9, 2017, FINRA issued a letter informing the parties that the case would be decided by a single arbitrator, unless all parties agree in writing to three arbitrators, pursuant to FINRA's Code for Arbitration Procedure for Industry Disputes.[1] (Moreno Decl. Ex. 2 at 3-4, ECF No. 17-2.) On September 14, 2017, S2K filed a motion requesting that the dispute be heard by an expanded panel of three arbitrators pursuant to the terms of the Employment Agreement.[2] (Moreno Decl. Ex. 6, ECF No. 17-6; see Empl. Agreement ¶ 17.)

On September 18, 2017, Napoleone opposed S2K's motion to expand the arbitration panel to three arbitrators, arguing that S2K had participated in the selection of the single arbitrator with no objection and had therefore waived its right to amend the number of arbitrators. (Moreno Decl. Ex. 7, ECF No. 17-7.) Moreover, he argued that FINRA's appointment of a single arbitrator was entitled to deference under FINRA Rule 13412. (Id.) On

_____

[1] FINRA Rule 13806(b)(1) provides that a single arbitrator will be assigned to promissory note proceedings involving a counterclaim not exceeding $100,000.00. FINRA Arb. R. 13806(b)(1). FINRA Rule 13412, provides that: "[t]he Director may exercise discretionary authority and make any decision that is consistent with the purposes of the Code to facilitate the appointment of arbitrators and the resolution of arbitrations." FINRA Arb. R. 13412.

[2] The Employment Agreement states that:

> If any dispute should arise concerning this Agreement or otherwise relating in any way to the terms and conditions of your employment, including any statutory claim of discrimination, the parties agree to submit the dispute to arbitration before a panel of three (3) neutral arbitrators at FINRA or its successor in New York, New York.

(Empl. Agreement ¶ 17.)

September 25, 2017, at a telephonic initial pre-hearing conference, Napoleone again opposed S2K's motion to amend the number of arbitrators and insisted on proceeding with a single arbitrator. (Moreno Decl. ¶ 3. ECF No. 17.)

On January 22, 2018, Napoleone discussed increasing the amount of his counterclaim from $27,071.92 to approximately $180,000.00. (See Moreno Decl. Ex. 9 at 1, ECF No. 17-9). The arbitrator notified the Parties that counterclaims in excess of $100,000.00 (exclusive of interest and expenses) must be heard by a panel of three arbitrators pursuant to FINRA Rule 13806(b)(2). (Id.) The arbitrator then gave Napoleone the option either to amend his counterclaim to $180,000.00 and reconvene the hearing once two additional arbitrators had been appointed; or to amend his counterclaim to $100,000.00 and continue with the single arbitrator. (Id. at 3.) Napoleone opted to amend his counterclaim for damages to $100,000.00 in order to continue with the single arbitrator. (Id. at 6-7.) S2K once again stated its position that this dispute was "most appropriate for a three member arbitration panel" under the terms of the employment agreement. (Id. at 1, 6.)

On March 7, 2018, the sole arbitrator issued an award finding Napoleone liable for breach of contract and granted S2K $100,000.00 in compensatory damages, plus interest and denied Napoleone's counterclaim in its entirety. (Moreno Decl. Ex. 10,

ECF No. 17-10.) The arbitrator acknowledged that he considered the pleadings, the testimony, evidence presented at the hearing, and other materials in deciding the award. (Id.)

On April 9, 2018, Napoleone filed the instant Petition to Vacate the Arbitration Award arguing that the arbitrator exceeded his power and acted in manifest disregard for the law by rendering an award without amending the panel to three arbitrators. (Pet. To Vacate, ECF No. 1.) On May 25, 2018, S2K filed its Cross-Motion to Confirm the Arbitration Award and opposing Napoleone's Petition to Vacate the Arbitration Award. (Pet. To Confirm, ECF No. 15.)

## II.  Legal Standard

"Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Rich v. Spartis, 516 F.3d 75, 81 (2d Cir. 2008); Willemijn Houdstermaatschaappij, BV v. Std. Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997). An arbitration award is entitled to deference and should be "enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached'." Rich, 516 F.3d at 81 (citations omitted).

The Federal Arbitration Act ("FAA") provides that an arbitration award may be vacated if: (1) the award was procured by

corruption, fraud or undue means; (2) the arbitrators exhibited "evident partiality" or "corruption"; (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their power. 9 U.S.C. § 10(a). In addition to the statutory bases, courts in the Second Circuit have vacated arbitration awards that are in "manifest disregard of the law." See T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010). While the future of the "manifest disregard" standard is unsettled, see Stolt Nielon v. Animalfeeds Int'l Corp., 130 S.Ct. 1758, 1768 n.3, 176 L. Ed. 2d 605 (2010) (stating that the Supreme Court would "not decide whether 'manifest disregard' survives"), in the Second Circuit, "manifest disregard" has been reconceptualized as "a judicial gloss" on the FAA's specific grounds for vacatur, and so interpreted, "remains a valid ground for vacating arbitration awards." T. Co Metals, 592 F.3d at 340 (citation omitted).

### III. Analysis

Napoleone argues that the arbitrator exceeded his powers and acted in manifest disregard of the law because the arbitration should have been heard by a three-member panel of arbitrators as agreed to by the Parties in the Employment Agreement. S2K argues, and we agree, that Napoleone is judicially estopped from asserting this basis for vacatur having opposed the same position in the

underlying arbitration. Accordingly, his petition to vacate the arbitration award is denied.

"[J]udicial estoppel protects the sanctity of the oath and the integrity of the judicial process[]" by "prevent[ing] a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding." Bates v. Long Island R.R. Co., 997 F.2d 1028, 1037 (2d Cir. 1993); see Robinson v. Concentra Health Servs., 781 F.3d 42, 45 (2d Cir. 2015). "A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." Robinson, 781 F.3d at 45 (quoting Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999) (internal citations omitted)).

Napoleone opposed proceeding with a three-member arbitration panel three separate times in the underlying arbitration. Napoleone argued once by motion and again in a telephonic pre-hearing conference that S2K had waived its right to amend the number of arbitrators because it participated in the selection process for a single arbitrator. Moreover, Napoleone was informed by the arbitrator that if he amends his counterclaim to $180,000.00, the arbitration must proceed before a panel of three

arbitrators pursuant to FINRA rules. Napoleone then decided that he would amend his counterclaim only to $100,000.00 to avoid expanding the panel to three arbitrators. Clearly, Napoleone took an inconsistent position in the underlying arbitration to the one he asserts in this instant motion.

This prior inconsistent position was adopted by the arbitrator twice. First, S2K's motion to amend the arbitration panel was not granted and the arbitration proceeded with a single arbitrator. Separately, the arbitrator gave Napoleone the choice to reconvene the hearing with three arbitrators should Napoleone amend his counterclaim damages to $180,000.00. Napoleone affirmatively rejected this offer and instead chose to proceed with a single arbitrator. Napoleone's repeated opposition to a three-member panel was thus adopted by the arbitrator more than once.

Napoleone cannot have his cake and eat it too by taking a contrary position in the underlying arbitration and asserting the opposite as a basis for vacatur. Therefore, he is judicially estopped from asserting this sole basis for vacatur, and his petition to vacate the arbitration award is DENIED.[3] The Court has

---

[3] Having decided that Napoleone is judicially estopped from arguing that the arbitration was procedurally defective because it was heard by a single arbitrator rather than a three-member arbitration panel, we do not decide whether the arbitrator exceeded his powers or acted in manifest disregard of the law by proceeding as the sole arbitrator despite the Parties' prior

also considered the arbitrator's award, (Moreno Decl. Ex. 10), and concluded that there is more than a "barely colorable justification for the outcome reached." Moreover, because Napoleone has not advanced any other argument for vacating the arbitration award, there is no other basis to deny confirmation of the arbitration award, S2K's Cross-Motion to Confirm the Arbitration Award is GRANTED.

I.  Conclusion

For the foregoing reasons, Napoleone's Petition to Vacate the Arbitration Award is DENIED and S2K's Petition to Confirm the Arbitration Award is GRANTED.

The Clerk of Court is directed to enter judgment in favor of S2K and against Napoleone in the amount $100,000.00, with interest to accrue at the annual rate of 9% from April 1, 2017 to the date of the Judgment, and post-Judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

SO ORDERED.

DATED:    New York, NY
          December 6, 2019

_Deborah A. Batts_
Deborah A. Batts
United States District Judge

---

contractual agreement that any dispute would be heard by a three-member arbitration panel.